## No. 11,638.

### SUCCESSION OF MRS. WIDOW JULIE COUDER.

#### ON THE MOTION TO DISMISS.

Where a testamentary executor files his final account and tableau of distribution, and asks that the funds be distributed and the instituted heirs be placed in possession of the property bequeathed to them, an appeal from a judgment thereon which only orders the funds distributed, will be sustained. Where subsequently a petition is filed by the testamentary executor alleging the succession to be still under administration and praying for a judgment putting the heirs in possession, which is rendered, an appeal from such a judgment by same parties who took the first appeal will be sustained. The judgments are distinct and on separate matters.

#### ON THE MERITS.

When the heirs take from the succession of their mother as legatees, the co-heirs are entitled to citation to establish or oppose the executor's account in which he, the executor, applies to deliver the husband's property in satisfaction of the legacies left by the mother, before making any proof that there was a translation of the property to the latter.

The account could not be made binding upon the heirs on a judgment of homologation made without citation.

A PPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Henry P. Dart*, for Plaintiff in rule to annul will, Appellants, cites: 6 La. 225; 11 Rob. 120; 30 An. 703; 34 An. 117; 29 An. 381; C. C. 1184–6; 46 An. 265.

*William E. Murphy*, for Testamentary Executor, defendant in rule, Appellee, cites: 40 An. 273; 10 Rob. 188; 18 An. 263; 30 An. 1138.

ON MOTION TO DISMISS.

Submitted on briefs December 10, 1894.
Opinion on motion handed down January 2, 1895.

ON MERITS.

Submitted on briefs April 11, 1895.
Opinion handed down April 22, 1895.

The opinion of the court was delivered by

McENERY, J.   The appellees have filed a motion to dismiss this appeal on the ground that the appellants obtained, on the 9th of May, 1894, a suspensive appeal, and subsequently the appellants applied for and obtained a second appeal from the same subject matter.

The two judgments appealed from are in the same transcript.

The testamentary executor filed his tableau of distribution and prayed that he be authorized to distribute the funds of the succession according to the final and definite account which he presented and filed, and that he be authorized by a decree of the court to deliver to the heirs possession of the properties respectively bequeathed to them by the will of the deceased after paying all debts of the succession.

There was no opposition to this account and it was homologated in the following terms:   "It is ordered that said account be approved and homologated and the funds distributed accordingly."

From this judgment Amelia Couder, Viola Couder, Walter and Edward Couder appealed and perfected the same.

On May 22, 1894, following the above judgment, the testamentary executor petitioned the court to put in possession of the instituted heirs the property bequeathed to them.

A judgment was rendered on 22d May, 1894, in accordance with the prayer of the petition.

From this judgment the appellants took a suspensive appeal.

The judgment first rendered only homologated the account, and ordered a distribution of the funds of the succession.   That part of the petition and prayer of the testamentary executor to put the instituted heirs in possession found no response in the judgment.

In his petition to put the instituted heirs in possession, dated May 22, 1894, he alleges filing the definitive account and its homologation and approval, and that the succession was still under administration in the District Court.

The first judgment had reference only to the approval and homologation of the account, and was silent as to sending the heirs into possession of the property.

The second judgment sent the heirs into possession, and this supplied what was omitted from the first.

As there was no reference in the first judgment to the putting of the heirs in possession, the appellants could not inquire into the legality or validity of such proceeding. Desiring to question the validity of the order, their only recourse was to appeal from the second judgment. The two judgments were on distinct matters and separate decrees. The motion to dismiss is denied.

### ON THE MERITS.

BREAUX, J.  The executor of the estate of Julie Couder presented a final account to the court for homologation. It includes not only an account of the succession of Julie Couder, but that of her husband.

It was homologated by judgment, from which the heirs of Julie Couder, the children of Emile Couder, her son, appeal.

In support of their appeal, they assign the following as errors of law:

First: That the judgment rendered, approving the final account was pronounced without notice or citation.

Second: That it was rendered without any proof whatever.

Third: That the account undertakes to transfer in kind to two of their co-heirs the interest of their late father, Emile Couder, in certain real property.

A decision regarding the first point presented is determinative of the issues on this appeal.

It is true as alleged that the heirs were not cited. The executor's insistence is that publication of the filing of an account is a citation to all persons concerned.

After the judgment had been obtained, on petition of the executor the two co-heirs of the appellants, Mrs. William C. Shanks and Mrs. E. J, Nores, were placed in possession of the property, without notice to the present appellants.

Part of the property thus delivered is described as community property of the community between Julie Couder and her husband, Pierre Couder.

The account is not a mere tableau of distribution; it was not made in order to liquidate succession debts or to obtain the court's authorization to pay creditors and legatees. But is it a proposed final settlement among the legatees and heirs?

The executor assumed that the appellants were without interest, because of the indebtedness of their father to the succession.

This may be entirely correct; it should however be established contradictorily with the representatives of the heir in debt.

Previous to the filing of the account the debts had been paid, and while approval of these payments was sought the fact remains that "in addition division of amounts is made among the heirs."

Indeed, the remaining assets of two estates are divided; that of the husband, Pierre Couder, who died many years ago, and the estate of the junior in community, Julie Couder, who held the property in usufruct to the day of her death.

In Succession of Conrad, 45 An. 94, we held when an executor or administrator files such a final account purporting a settlement with the heirs of the estate, and a distribution among them of the net assets of the succession which remains in his hands after debts are paid, personal notice of the filing thereof must be given to the heirs, otherwise a judgment homologating it would be of no avail. See also Succession of Von Hoven, 46 An. 911, 921.

The final account should not disturb judgments partially distributing the funds among creditors.

The property of the community can not be delivered without citation.

Granted, that the legatees are entitled to all that was bequeathed to them; if the testator, as appears of record, has bequeathed property of the community, the community interests must be adjusted to enable the executor to deliver the property.

Under no circumstances can the administrator or executor of the succession of the wife render an account and surrender property of the succession of the husband or of the community, without proof, after citation to the heirs, that such changes have taken place, regarding the title as operated a translation of the property to the heir under the mother's will.

These legatees can not sustain their claims by invoking a judgment homologated without citation.

It is ordered, adjudged and decreed that the judgments appealed from be avoided, annulled and reversed, and that the case be remanded to the District Court to enable the executor to apply for and have the heirs cited to answer his petition for the homologation of his account.

Appellees are condemned to pay costs of appeal.